UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>-against- )<br>)<br>FRANCESCO SORRENTINO and )<br>JILL MOIR-SORRENTINO )<br>)<br>Defendants. ) | No. 17-cv-5932 |

## **ANSWER**

Defendants, FRANCESCO SORRENTINO ("Mr. Sorrentino") and JILL MOIR SORRENTINO ("Mrs. Sorrentino") (collectively, "Sorrentinos"), by and through their undersigned counsel, as and for their Answer to Plaintiff's Complaint ("Complaint"), hereby state as follows:

1. The allegation contained in paragraph 1 of the Complaint is a conclusion of law to which no response is required.

2. The Sorrentinos admit to the allegations contained in paragraph 2 of the Complaint.

3. The Sorrentinos admit to the allegations contained in paragraph 3 of the Complaint.

4. The Sorrentinos deny knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 4 of the Complaint, and consequently, deny such allegations.

5. The Sorrentinos deny the allegations contained in paragraph 5 of the Complaint.

6. The Sorrentinos deny the allegations contained in paragraph 6 of the Complaint, except they admit that the liabilities alleged have not been paid in full.

7. The Sorrentinos deny the allegations contained in paragraph 7 of the Complaint.

WHEREFORE, the Sorrentinos request judgment:

(1) Dismissing the Complaint with prejudice, and

(2) Granting such other and further relief as the Court deems appropriate.

### FIRST AFFIRMATIVE DEFENSE

THE PERIOD OF LIMITATION ON ASSESSMENT UNDER 26 U.S.C. § 6501 HAS EXPIRED WITH RESPECT TO THE PERIOD AT ISSUE

8. The Internal Revenue Service ("Service") did not assess taxes against the Sorrentinos for the taxable period ending December 31, 2005 (the "Period at Issue"), within three years from the date on which the Federal income tax returns for the Period at Issue was filed, and the assessment is time-barred under 26 U.S.C. § 6501.

## SECOND AFFIRMATIVE DEFENSE

THE PERIOD OF LIMITATION ON COLLECTION UNDER 26 U.S.C. § 6502 HAS EXPIRED WITH RESPECT TO THE PERIOD AT ISSUE

9. The Service failed to institute this suit before the periods of limitation on collection under 26 U.S.C. § 6502 expired with respect to each of the assessments of tax, penalties, additions to tax, and interest allegedly due from Sorrentinos for the Period at Issue, and as such, this case is time-barred under 26 U.S.C. § 6502.

## THIRD AFFIRMATIVE DEFENSE

THE SERVICE IMPROPERLY COMPUTED THE TAX, PENALTIES, ADDITIONS TO TAX, AND INTEREST ALLEGED TO BE DUE FOR THE PERIOD AT ISSUE

10. The Service failed to properly compute the taxes, penalties, additions to tax, and interest referred to in paragraph 4 of the Complaint and alleged to be due from the Sorrentinos for the Period at Issue.

## FOURTH AFFIRMATIVE DEFENSE

THE SERVICE DID NOT COMPLY WITH THE REQUIREMENTS OF 26 U.S.C. § 6751(b)

11. The Service failed to comply with the requirements of 26 U.S.C. § 6751(b) in assessing penalties referred to in paragraph 4.

### FIFTH AFFIRMATIVE DEFENSE

### THE SERVICE DID NOT COMPLY WITH THE NOTICE REQUIREMENTS OF 26 U.S.C. § 6303

12.     The Service failed to comply with the notice requirements of 26 U.S.C. § 6303 by failing to notify the Sorrentinos in writing of their alleged liabilities.

### SIXTH AFFIRMATIVE DEFENSE

### THE INTEREST ALLEGED TO BE DUE FROM SORRENTINOS FOR THE PERIOD AT ISSUE SHOULD HAVE BEEN SUSPENDED UNDER 26 U.S.C. § 6404(g)

13.     The Service failed to provide notice to the Sorrentinos specifically stating their tax liabilities and the basis for the liabilities before the close of the 18 month period or the 36-month period, as the case may be, referred to in 26 U.S.C. § 6404(g), and as such, interest should have been suspended for the Period at Issue under 26 U.S.C. § 6404(g).

### SEVENTH AFFIRMATIVE DEFENSE

### THE DOCTRINE OF EQUITABLE ESTOPPEL BARS THE SERVICE'S CLAIM

14.     The Service entered into an installment agreement with the Sorrentinos, which allowed the Sorrentinos to make fixed monthly payments for the duration of the collections limitations period. The Sorrentinos made all required installment payments timely and in reliance on the Service's agreement to forego any balance remaining after the limitations period expires. The Sorrentinos'

reliance on the Service's forbearance in connection with the installment agreement estops the Service from collecting that balance after the Sorrentinos timely made all required payments of them pursuant to the installment agreement.

### EIGHTH AFFIRMATIVE DEFENSE

THE SERVICE'S BREACH OF THE INSTALLMENT AGREEMENT PRECLUDES ITS CLAIM

15. The Service entered into an installment agreement with the Sorrentinos, which allowed the Sorrentinos to make fixed monthly payments for the duration of the collections limitations period. The Sorrentinos made all required installment payments timely and in reliance on the Service's agreement to forego any balance remaining after the limitations period expires. The Service unilaterally terminated the installment agreement without cause and in contravention of the Service's own procedures for terminating an installment agreement. That breach precludes the Service's claim asserted herein.

Dated:  December 22, 2017            Respectfully submitted,

/s/ Frank Agostino
Frank Agostino
Counsel for Defendants
Agostino & Associates, P.C.
14 Washington Place
Hackensack, New Jersey 07601
Tel. No. (201) 488-5400
Fax No. (201) 488-5855
fagostino@agostinolaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 22, 2017, a true and correct copy of the foregoing ANSWER was served upon all counsel of record by the Court's CM/ECF system and the Notice of Electronic Filing generated thereby.

Dated:  December 22, 2017             Respectfully submitted,

/s/ Frank Agostino
Frank Agostino
Counsel for Defendants
Agostino & Associates, P.C.
14 Washington Place
Hackensack, New Jersey 07601
Tel. No. (201) 488-5400
Fax No. (201) 488-5855
fagostino@agostinolaw.com